IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESTELLA CLARK, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:23-CV-1557-D |
| § | |
| WYNDHAM WORLDWIDE, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Estella Clark ("Clark") brings a premises liability claim against defendants Wyndham Worldwide, Inc. ("Wyndham"), CPLG TX Properties LLC ("CPLG"), and LQ Management LLC ("LQ"). Defendants together move for summary judgment, principally presenting the question whether LQ owed Clark a duty of care under the Texas "necessary-use exception" and can therefore be held liable. For the reasons that follow, the court grants the motion and dismisses Clark's action with prejudice by judgment filed today.

I

This lawsuit arises out of bodily injuries that Clark sustained on November 4, 2021 when she fell down a dark stairway at LQ's La Quinta Inn & Suites in Dallas, where she was staying as an invitee-guest.[1] After Clark discovered that her room lacked toilet paper and a

---

[1]In deciding defendants' motion for summary judgment, the court views the evidence in the light most favorable to Clark as the summary judgment nonmovant and draws all

working telephone to use to contact the concierge, she decided to retrieve toilet paper herself. Because the property lacked elevators, Clark's only route to the concierge required that she descend a stairway. Clark had the option of taking two stairwells, one to her left and the other to her right, both of which were unlit. While Clark was descending one of these unlit stairways, she fell, sustaining serious bodily injuries.

Clark filed this suit against Wyndham and CPLG in Texas state court, asserting a premises liability claim. Wyndham removed the case to this court based on diversity of citizenship.[2] Clark later amended her complaint and joined LQ as a defendant. Defendants together move for summary judgment. Clark opposes the motion only as to LQ.[3] The court is deciding the motion on the briefs, without oral argument.

II

When, as here, a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to either admissible evidence that negates the

---

reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[2]Wyndham did not require CPLG's consent to remove the case because CPLG had not been served. *See* 28 U.S.C. § 1446(b)(2)(A) (emphasis added) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined *and served* must join in or consent to the removal of the action.").

[3]Clark concedes that Wyndham and CPLG did not owe her a duty of care because there is no evidence that they had a right to control the premises where Clark was injured. Accordingly, Wyndham and CPLG are entitled to summary judgment on this basis.

nonmovant's claim, or the absence of admissible evidence to support the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

LQ's motion turns on whether it owed Clark a duty of care under the Texas "necessary-use exception."

### A

Under Texas law, which undisputably applies in this case, a landowner does not owe an invitee a duty to make safe unreasonably dangerous conditions that are "open and obvious or known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015). There are two exceptions to this rule. The first, not applicable here, is the criminal-activity exception.[4] The second is the "necessary-use exception." This exception applies if "the

---

[4]This exception "applies in cases involving dangers resulting from a third party's criminal conduct in which the landowner should have anticipated that the harm would occur

-3-

invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk." *Id.* The plaintiff-invitee has the burden to prove that the "necessary-use exception" applies. *See Simpson v. Orange Cnty. Bldg., Inc.*, 2019 WL 470090, at *5 (Tex. App. Feb. 7, 2019, no pet.) (mem. op.); *Ladapo v. Target Stores, Inc.*, 2017 WL 2719320, at *1 (N.D. Tex. June 23, 2017) (Fitzwater, J.), *aff'd*, 742 Fed. Appx. 39 (5th Cir. 2018).

B

The parties dispute whether LQ owed Clark a duty of care under the "necessary-use exception."[5]

LQ contends that Clark's use of the dark stairway was unnecessary. LQ points to Clark's deposition testimony that she opted not to use another stairway because she assumed that it, too, was dark. LQ maintains that Clark was not incapable of taking precautions, such as illuminating the stairwell herself. And LQ relies on the absence of evidence that Clark took any precautions.

Clark responds that her use of the dark stairway was necessary. She cites her deposition testimony that "before going down the stairs, she looked toward the hallway in

---

despite the invitee's knowledge of the risks." *Austin*, 465 S.W.3d at 206.

[5]Clark relies on the "necessary-use exception" because it is undisputed that LQ owned the hotel where Clark fell; Clark was LQ's business invitee when she fell; and the stairwell's unlit condition was known to Clark.

the opposite direction toward the other staircase and noted that that area too was dark." P. Resp. (ECF No. 38) at 9.

C

Viewing the evidence in the light most favorable to Clark and drawing all reasonable inferences in her favor, the court concludes that there is no genuine issue of material fact about whether LQ owed Clark a duty of care.

LQ has met its initial summary judgment obligation to point to the absence of evidence that LQ owed Clark a duty of care.[6] LQ cites Clark's failure to testify at her deposition that she took precautions before descending the dark stairway, such as illuminating the stairwell herself.

The burden has therefore shifted to Clark to introduce evidence that would enable a reasonable jury to find that the "necessary-use exception" applies. The "necessary-use exception" requires that, "despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk." *Austin*, 465 S.W.3d at 204. Without admissible evidence either that Clark took adequate precautions, or that she was incapable of taking such precautions, Clark cannot prove that LQ owed her

---

[6]The question whether LQ owed Clark a duty of care is a question of law. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). But that question of law is determined by an underlying factual question: whether Clark was incapable of taking precautions that would adequately reduce the risk of using the dangerous premises. *See Austin*, 465 S.W.3d at 204; *see also Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996) ("The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question.").

a duty of care under the "necessary-use exception." *See Austin*, 465 S.W.3d at 204; *Simpson*, 2019 WL 470090 at *5; *Ladapo*, 2017 WL 2719320 at *1.[7] But Clark has not identified admissible evidence that she took adequate precautions, or that she was incapable of taking such precautions.[8] Without such evidence, a reasonable jury could not find that Clark met her burden of proving that LQ owed her a duty of care under the "necessary-use exception," and LQ is entitled to summary judgment. *See, e.g.*, *Padron v. Cath. Diocese of Austin*, 2019 WL 1548637, at *5 (Tex. App. Apr. 10, 2019, no pet.) (mem. op.) (affirming summary judgment for landowner based on inapplicability of "necessary-use exception" where evidence demonstrated that plaintiff-invitee who fell down dark stairway was aware of stairwell's unlit condition and "did not take adequate steps to mitigate the risks of the dark side stairway even though she could have illuminated it").

The court has not located, and the parties have not identified, any "necessary-use exception" cases in which the defendant-landowner was held not to be liable by reason of the plaintiff-invitee's failure to introduce evidence that she was incapable of taking precautions. Dismissal of Clark's premises liability claim, however, is proper nevertheless. Typically, there is some evidence that the plaintiff-invitee did not take an available precaution. *See,*

---

[7]LQ also contends that Clark's use of the dark stairway was unnecessary. It relies on Clark's deposition testimony that she was aware of another stairway, but opted not to determine whether it was dark. Given the court's reasoning, it need not address this argument.

[8]In response to LQ's contention that her use of the dark stairway was not necessary Clark identifies only her deposition testimony that she perceived the other available stairwell to be unlit.

*e.g.*, *Padron*, 2019 WL 1548637 at *1 ("Although there was a light switch on the second floor outside of the homeroom classroom near the side stairway, Padron testified that she did not look to see if there was a light switch for the stairway[.]"); *Flores v. Oil-Tech Constr., LLC*, 2022 WL 3902756, at *4 (Tex. App. Aug. 31, 2022, no pet.) (mem. op.) ("Oil-Tech provided deposition testimony from Flores wherein he testified that he had a large ladder available for his use. This summary judgment evidence establishes that it was not necessary for Flores to step off the bed of the pickup in the manner that he did."); *Turner v. Samsung SDS Am., Inc.*, 2020 WL 1083601, at *2 (N.D. Tex. Mar. 5, 2020) (Brown, J.) ("Turner's own testimony shows he could have moved the truck and trailer in order to avoid walking though the puddle, although it would have been more time-consuming to do so. Accordingly, the Court finds Turner failed to set forth specific facts showing a genuine issue on the applicability of the necessary-use exception."). But where, as here, no evidence is introduced concerning the capability of taking precautions, the party who has the burden of proving that the "necessary-use exception" applies—the plaintiff-invitee—cannot prevail. This is so because the "necessary-use exception" does not apply unless, despite the plaintiff-invitee's awareness of the alleged dangerous condition, she was "incapable of taking precautions that will adequately reduce the risk." *Austin*, 465 S.W.3d at 204. Without any evidence about whether the plaintiff-invitee was capable of taking precautions, no reasonable jury could find that the "necessary-use exception" applies.

Accordingly, because Clark has failed to introduce sufficient admissible evidence for a reasonable jury to find that the "necessary-use exception" applies, the court holds as a

matter of law that LQ did not owe Clark a duty of care, and LQ is entitled to summary judgment as a matter of law dismissing Clark's premises liability claim.[9]

\* \* \*

For the reasons explained, the court grants defendants' October 2, 2024 motion for summary judgment and dismisses Clark's action with prejudice by judgment filed today.

**SO ORDERED**.

January 3, 2025.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[9]*See also Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978) (affirming judgment of liability against landowner where plaintiff-invitee who fell down dark stairway adduced evidence that she lit the stairway herself with a flashlight). Although *Parker* predates formal recognition of the "necessary-use exception" in *Austin*, it is instructive as the case from which the Supreme Court of Texas expressly derived the exception. *See Austin*, 465 S.W.3d at 208 ("[W]e hold that *Parker* represents a second exception to the general rule.").